# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Jeffrey Lynn Franklin,

    Petitioner

v.

Jerry Howell, et al.,

    Respondents

Case No.: 2:18-cv-00444-JAD-NJK

**Order Dismissing Case**

[ECF Nos. 13, 14]

When I reviewed pro se petitioner Jeffrey Lynn Franklin's petition for a writ of habeas corpus last month, I noticed that Franklin had already challenged his conviction once before in *Franklin v. Nevada*, Case No. 3:10-cv-00020-HDM-VPD.[1] That petition was denied on its merits, and the Ninth Circuit denied Franklin a certificate of appealability.[2] I ordered Franklin to show cause why this petition shouldn't be dismissed as second or successive under 28 U.S.C. § 2244(b).[3]

Franklin argues that this petition is not successive because he is challenging not the validity of the judgment—like he did in his first petition—but his sentence computation.[4] But this sentence-computation label is belied by the substance of his petition. Franklin was adjudicated a habitual criminal.[5] He doesn't argue that his sentence is illegal under § 207.010; he argues that his habitual-criminal adjudication was illegal.[6] That is a challenge to the validity of his custody under a state-court judgment of conviction. It is not a challenge based on the

---

[1] ECF No. 11.

[2] *Id.* at 1, nn.3–4.

[3] *Id.* at 2.

[4] ECF No. 13.

[5] ECF No. 12-1 at 2.

[6] *Id.* at 4–7.

1

sentence computation that came after judgment of conviction was entered.[7] This is therefore a successive petition, and Franklin must obtain authorization from the Ninth Circuit before he can file it. Because Franklin must overcome this hurdle first, I need not address his remaining arguments.

Accordingly, IT IS HEREBY ORDERED that Franklin's motion to show cause (which is actually his response to my order to show cause) **[ECF No. 13] is DENIED.**

IT IS FURTHER ORDERED that Franklin's motion for appointment of counsel **[ECF No. 14] is DENIED as moot**.

IT IS FURTHER ORDERED that this action is **DISMISSED** as a second or successive petition for a writ of habeas corpus.

The **Clerk of Court** is directed to **ADD Adam Paul Laxalt**, Attorney General for the State of Nevada, as counsel for respondents and to **electronically SERVE** respondents a copy of this order. **No response is necessary**.

The **Clerk of Court** is also directed to **ENTER JUDGMENT** accordingly and **CLOSE THIS CASE**.

Because reasonable jurists would not find my decision to dismiss this unauthorized, successive petition to be debatable or wrong, I decline to issue a certificate of appealability.

Dated: July 16, 2018

_____
U.S. District Judge Jennifer A. Dorsey

---

[7] *See generally Hill v. Alaska*, 297 F.3d 895 (9th Cir. 2002).